# IN THE UNITED STATES DISTRICT COURT FOR THE

# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **ANDREA FLOWERS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-21-795-AMG** |
| | ) | |
| **KILOLO KIJAKAZI, Acting** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Andrea Flowers ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) for

judicial review of the final decision of the Commissioner of the Social Security

Administration ("SSA") denying her application for disability insurance benefits ("DIB")

under Title II of the Social Security Act, 42 U.S.C. §§ 401-34.  (Doc. 1).[1]  The

Commissioner has answered the Complaint and filed the Administrative Record ("AR")

(Docs. 9, 10), and the parties have fully briefed the issues. (Docs. 14, 19).  The parties have

consented to proceed before the undersigned Magistrate Judge pursuant to 28 U.S.C. §

636(c)(1).  (Docs. 13, 18).  For the reasons set forth below, the Court **REVERSES** the

Commissioner's decision and **REMANDS** the matter for further proceedings.

---

[1] Citations to the parties' briefs refer to the Court's CM/ECF pagination.  Citations to the
Administrative Record refer to its original pagination.

I.      **Procedural History**

Plaintiff filed her application for DIB on September 12, 2018, alleging a disability

onset date of March 26, 2015.  (AR, at 64).  The SSA denied the application initially and

on reconsideration.  (*Id*. at 100-03, 106-11).  An administrative hearing was then held on

June 15, 2020, and October 9, 2020.  (*Id*. at 27-63).  Afterwards, the Administrative Law

Judge ("ALJ") issued a decision finding that Plaintiff was not disabled.  (*Id*. at 9-26).  The

Appeals Council subsequently denied Plaintiff's request for review.  (*Id*. at 1-6).  Thus, the

ALJ's decision became the final decision of the Commissioner.  *See Wall v. Astrue*, 561

F.3d 1048, 1051 (10th Cir. 2009); 20 C.F.R. § 404.981.

II.     **The Administrative Decision**

At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful

activity since March 26, 2015, the alleged onset date.  (AR, at 14).  At Step Two, the ALJ

found that Claimant had the following severe impairments: "obesity, right shoulder

disorder, ankylosing spondylitis, right foot disorder, PTSD, major depressive disorder,

generalized anxiety disorder, bilateral carpal tunnel syndrome, and right ulnar nerve

entrapment at the elbow."  (*Id*.)  At Step Three, the ALJ found that Plaintiff had no

impairment or combination of impairments that met or medically equaled the severity of

one of the listed impairments.  (*Id*. at 15).  The ALJ then determined that Plaintiff had the

RFC

> to lift and carry 20 pounds occasionally and 10 pounds frequently.  The
> claimant can sit for about 6 hours during an eight-hour workday and can
> stand and walk for about 6 hours during an eight-hour workday.  The
> claimant can occasionally climb, balance, stoop, kneel, crouch, and crawl.
> The claimant can occasionally reach overhead.  The claimant can frequently

handle and finger.  The claimant can understand, remember, and carry out simple, routine, and repetitive tasks.  The claimant can relate to supervisors and co-workers on a superficial work basis.   The claimant can have occasional contact with the general public.  The claimant can adapt to work situation.

(*Id*. at 16).  Then, at Step Four, the ALJ concluded that Plaintiff was unable to perform any of her past relevant work.  (*Id*. at 20).   At Step Five, however, the ALJ found when "[c]onsidering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform" such as a housekeeping cleaner, merchandise marker, or mail sorter. (*Id*. at 20-21).  Thus, the ALJ found that Claimant had not been under a disability since March 26, 2015.  (*Id*. at 21).

## III.    Claims Presented for Judicial Review

Plaintiff raises one issue on appeal: that "[t]he ALJ [f]ailed to weigh the medical opinion of Ursula Bowling, Psy.D."  (Doc. 14, at 3).  Plaintiff contends that this was "harmful error requiring remand," and that Dr. Bowling's opinion "amounts to substantially probative evidence in light of the fact that it suggests [Plaintiff] is much more limited than the ALJ found, making the ALJ's discussion of this evidence and how he treated it critical to the outcome of this case."  (*Id*. at 7).

The Commissioner, however, claims that "[s]ubstantial evidence in the record supports the ALJ's RFC finding."  (Doc. 19, at 5).  The Commissioner further argues that "the ALJ's RFC adequately addressed Dr. Bowling's statement, and even if this Court determines that the ALJ erred, such error was harmless."  (*Id*. at 8).

**IV.     The Disability Standard and Standard of Review**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  A physical or mental impairment is an impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).  A medically determinable impairment must be established by "objective medical evidence" from an "acceptable medical source," such as a licensed physician or a licensed and certified psychologist; whereas the claimant's own "statement of symptoms, a diagnosis, or a medical opinion" is not sufficient to establish the existence of an impairment.  20 C.F.R. § 404.1521; *see* 20 C.F.R. §§ 404.1502(a), 404.1513(a).  A plaintiff is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2)(A).

Social Security regulations implement a five-step sequential process to evaluate a disability claim.  20 C.F.R. § 404.1520; *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (explaining five steps and burden-shifting process).  To determine whether a claimant is disabled, the Commissioner inquires: (1) whether the claimant is engaged in any substantial gainful activity; (2) whether the claimant suffers from a severe impairment

4

or combination of impairments; (3) whether the impairment meets an impairment listed in

Appendix 1 of the relevant regulation; (4) considering the Commissioner's assessment of

the claimant's residual functional capacity ("RFC"),[2] whether the impairment prevents the

claimant from continuing claimant's past relevant work; and (5) considering assessment of

the RFC and other factors, whether the claimant can perform other types of work existing

in significant numbers in the national economy.   20 C.F.R. § 404.1520(a)(4)(i)-(v).

Plaintiff bears the "burden of establishing a prima facie case of disability under steps one,

two, and four" of the SSA's five-step procedure. *Fischer-Ross v. Barnhart*, 431 F.3d 729,

731 (10th Cir. 2005).  If the plaintiff makes this prima facie showing, "the burden shifts to

the Commissioner to show the claimant has the [RFC] to perform other work in the national

economy in view of [claimant's] age, education, and work experience." *Id*.  "The claimant

is entitled to disability benefits only if [Claimant] is not able to perform other work." *Bowen*

*v. Yuckert*, 482 U.S. 137, 142 (1987).

This Court's review of the Commissioner's final decision is limited "to

determin[ing] whether the Commissioner applied the correct legal standards and whether

the agency's factual findings are supported by substantial evidence." *Noreja v.*

*Commissioner, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020) (citation omitted).  Substantial

evidence is "more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d

1080, 1084 (10th Cir. 2007).  "It means – and means only – such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*,

---

[2] RFC is "the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 404.1545(a).

139 S.Ct. 1148, 1154 (2019) (internal quotation marks and citation omitted).  A court's

review is based on the administrative record, and a court must "meticulously examine the

record as a whole, including anything that may undercut or detract from the ALJ's findings

in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d

1257, 1261 (10th Cir. 2005).  While the court considers whether the ALJ followed the

applicable rules of law in weighing particular types of evidence in disability cases, the court

will "neither reweigh the evidence nor substitute [its] judgment for that of the agency."

*Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

Even if a court might have reached a different conclusion, the Commissioner's decision

stands if it is supported by substantial evidence.  *See White v. Barnhart*, 287 F.3d 903, 908

(10th Cir. 2002).

## V.   The ALJ Failed to Articulate the Persuasiveness of Dr. Bowling's Medical Opinion.

An ALJ is required to evaluate every medical opinion of record.  *See* 20 C.F.R. §

404.1520c(b) ("We will articulate in our determination or decision how persuasive we find

all of the medical opinions and all of the prior administrative medical findings in your case

record.")  "A medical opinion is a statement from a medical source about what [a claimant]

can still do despite [his or her] impairment(s)" and whether a claimant has a limitation or

restriction in the ability to perform physical, mental, or other demands of work or to adapt

to environmental conditions.  20 C.F.R. § 404.1513(a)(2).  An ALJ considers medical

opinions using five factors: (1) how much the opinion is supported by objective medical

evidence and explanation; (2) the consistency of the opinion with evidence from other

sources in the claim; (3) the medical source's relationship with the claimant; (4) the specialization of the medical source; and (5) other factors that tend to support or contradict a medical opinion. *Id.* § 404.1520c(a), (c)(1)-(5). The ALJ must articulate how persuasive he or she finds a medical opinion. *Id.* § 404.1520c(b). In doing so, the ALJ is required to explain how he or she "considered the supportability and consistency factors for a medical source's medical opinions." *Id.* § 404.1520c(b)(2). But, the ALJ is not required to explain how he or she considered the remaining factors. *Id.*

Plaintiff argues that the ALJ failed to articulate the persuasiveness of Dr. Bowling's January 19, 2018, PTSD Disability Benefits Questionnaire for the VA. (Doc. 14, at 4). The Commissioner does not dispute the characterization of this questionnaire as a medical opinion. Indeed, in formulating the RFC, the ALJ cites this questionnaire, noting that "[t]he medical source concluded the claimant's ability to interact appropriately with others, follow instructions, attend work, concentrate effectively to perform tasks, and maintain emotional regulation are all severely impaired as the result of her mental health conditions." (AR, at 18). But the ALJ fails to articulate the persuasiveness of this medical opinion. (*Id*. at 19); *see* 20 C.F.R. § 404.1520c(b). This was error.

The ALJ correctly stated that the VA disability ratings in the record were "not persuasive because said ratings use a different criteria when determining disability." (AR, at 19). Indeed, 20 C.F.R. § 404.1504 provides that:

> [o]ther governmental agencies and nongovernmental entities — such as the Department of Veterans Affairs . . . — make disability . . . and other benefits decisions for their own programs using their own rules. Because a decision by any other governmental agency or a nongovernmental entity about whether you are disabled . . . is based on its rules, it is not binding on us and

is not our decision about whether you are disabled . . . under our rules. Therefore, in claims filed (see § 404.614) on or after March 27, 2017, we will not provide any analysis in our determination or decision about a decision made by any other governmental agency or a nongovernmental entity about whether you are disabled. . . .

*See also id.* § 404.1520b(c)(1) (stating that decisions by other governmental agencies and nongovernmental agencies are "inherently neither valuable nor persuasive to the issue of whether [a claimant is] disabled"). However, the regulations also emphasize that the ALJ

will consider all of the supporting evidence underlying the other governmental agency or nongovernmental entity's decision that we receive as evidence in your claim . . .

*Id.* § 404.1504. Dr. Bowling's opinion was such supporting evidence, and it was not properly considered.

The ALJ's error is not harmless. Under prior regulations, an ALJ was required to "discuss the weight he [or she] assign[ed]" to medical opinions. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012). But, the error was harmless if the "specific work-related limitation [was] not inconsistent with the ALJ's RFC." *Id.* at 1165. Dr. Bowling's questionnaire notes that Plaintiff experiences "[d]ifficulty in establishing and maintaining effective work and social relationships," "[d]ifficulty in adapting to stressful circumstances, including work or a worklike setting," "[i]nability to establish and maintain effective relationships," and "grossly inappropriate behavior." (AR, at 1226-27). These work-related limitations are not addressed in and, in fact, are inconsistent with the RFC. (*Id.* at 16) ("The claimant can relate to supervisors and co-workers on a superficial work basis. The claimant can have occasional contact with the general public. The claimant can adapt to work situation."). Thus, even if the same harmless-error framework applies to the

new regulations, the ALJ's error is not harmless because the RFC did not account for the limitations in Dr. Bowling's questionnaire.  Reversal and remand are appropriate.

## VI.     Conclusion

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the Court **REVERSES** the Commissioner's decision and **REMANDS** the matter for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED** this 9th day of September, 2022.

AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE